SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
KEVIN PUVALOWSKI (*pro hac vice application forthcoming*)
KENNETH B. ANDERSON (*pro hac vice application forthcoming*)
THOMAS M. MONAHAN, Cal. Bar No. 277536 (*N.D. Cal. admission pending*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:       310.228.3700
Facsimile:        310.228.3701
Email:             kraygor@sheppardmullin.com
                      kpuvalowski@sheppardmullin.com
                      kanderson@sheppardmullin.com
                      tmonahan@sheppardmullin.com

Attorneys for Defendants and Counterclaim-Plaintiffs
BEASTIE BOYS, ADAM HOROVITZ and BROOKLYN DUST
MUSIC; and Counterclaim-Plaintiffs MICHAEL DIAMOND and
DECHEN YAUCH, executor of the estate of ADAM YAUCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GOLDIEBLOX, INC.,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>ISLAND DEF JAM MUSIC GROUP, A DIV. OF UMG RECORDINGS, INC.; BROOKLYN DUST MUSIC; BEASTIE BOYS; SONY/ATV MUSIC PUBLISHING GROUP LLC; UNIVERSAL MUSIC PUBLISHING, INC.; RICK RUBIN; AND ADAM HOROVITZ,<br>　　　　Defendants.<br><br>BEASTIE BOYS, a New York partnership; MICHAEL DIAMOND, an individual; ADAM HOROVITZ, an individual; DECHEN YAUCH, as executor of the estate of ADAM YAUCH, deceased; and MICHAEL DIAMOND, ADAM HOROVITZ, and DECHEN YAUCH, as executor of the estate of ADAM YAUCH, collectively d/b/a BROOKLYN DUST MUSIC,<br>　　　　Counterclaim-Plaintiffs,<br><br>　　　v.<br><br>GOLDIEBLOX, INC.,<br>　　　　Counterclaim-Defendant. | Case No. 4:13-CV-05428-DMR<br><br>**(1)    ANSWER, WITH AFFIRMATIVE DEFENSES;**<br><br>**(2)    COUNTERCLAIMS FOR:**<br><br>　　**(a)    COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 501, *et seq*.];**<br><br>　　**(b)    INFRINGEMENT OF REGISTERED TRADEMARK [15 U.S.C. § 1114(a)];**<br><br>　　**(c)    TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, FALSE ADVERTISING, FALSE ENDORSEMENT, AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**<br><br>　　**(d)    TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, FALSE ADVERTISING, FALSE ENDORSEMENT, AND UNFAIR COMPETITION [California Common Law];**<br><br>　　**(e)    UNFAIR COMPETITION, FALSE** |

|   |   |
|---|---|
|   | **DESIGNATION OF ORIGIN AND FALSE ADVERTISING [Cal. Bus. & Prof. Code §§ 17200 and 17500,** *et seq.***];** |
|   | **(f) MISAPPROPRIATION OF RIGHT OF PUBLICITY [California Common Law];** |
|   | **(g) VIOLATION OF NEW YORK CIVIL RIGHTS LAW [§ 51]; AND** |
|   | **(h) AN ACCOUNTING;** |
|   | **(3) DEMAND FOR JURY TRIAL.** |

For their Answer to the Complaint by GoldieBlox, Inc. ("**Plaintiff**"), Defendants Brooklyn Dust Music, Beastie Boys and Adam Horovitz (collectively, the "**Beastie Boys Defendants**") admit, deny, and aver as follows:

# I.

## ANSWER OF THE BEASTIE BOYS DEFENDANTS

1. Paragraph 1 of the Complaint includes a number of legal conclusions to which no response is required. The Beastie Boys Defendants otherwise deny all other allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint includes a number of legal conclusions to which no response is required. The Beastie Boys Defendants otherwise deny all other allegations contained in Paragraph 2 of the Complaint.

3. The Beastie Boys Defendants admit that their position is that the video advertisement posted on Plaintiff's website and other video sharing websites featuring the Beastie Boys' song "Girls" (the "**GoldieBlox Advertisement**") constitutes copyright infringement and is not fair use. The Beastie Boys Defendants otherwise deny all other allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

5. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 6 of the Complaint.

7. The Beastie Boys Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. The Beastie Boys Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 11 of the Complaint.

12. The Beastie Boys Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

14. Paragraph 14 of the Complaint includes a number of legal conclusions to which no response is required. The Beastie Boys Defendants otherwise deny all other allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

16. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 16 of the Complaint.

17. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17 of the Complaint, and, to the extent Paragraph 17 of the Complaint describes the contents of the GoldieBlox Advertisement or other advertisements produced by Plaintiff, the Beastie Boys Defendants respectfully refer the Court thereto.

18. The Beastie Boys Defendants deny the allegations contained in Paragraph 18 of the Complaint, and, to the extent Paragraph 18 describes the contents of the GoldieBlox Advertisement or the song "Girls" itself, the Beastie Boys Defendants respectfully refer the Court thereto.

19. The Beastie Boys Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 19 of the Complaint, and, to the extent Paragraph 19 of the Complaint describes the contents of the GoldieBlox Advertisement or the song "Girls" itself, the Beastie Boys Defendants respectfully refer the Court thereto.

20. The Beastie Boys Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. The Beastie Boys Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The Beastie Boys Defendants repeat and reallege their responses to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Paragraph 23 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

24. Paragraph 24 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

25. The Beastie Boys Defendants repeat and reallege their responses to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26.     Paragraph 26 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

27.     Paragraph 27 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent an answer is required, the Beastie Boys Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's allegations, the Beastie Boys Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### [Failure To State A Claim]

1.     Plaintiff's Complaint, and each purported claim for relief contained therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Unclean Hands]

2.     Plaintiff's Complaint, and each purported claim for relief contained therein, is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### [Additional Defenses]

3.     The Beastie Boys Defendants reserve the right to assert additional affirmative defenses as they learn additional facts during the course of this action.

## II.

## COUNTERCLAIMS OF THE BEASTIE BOYS PARTIES

For their Counterclaims against Plaintiff and Counterclaim-Defendant GoldieBlox, Inc. ("**GoldieBlox**"), Brooklyn Dust Music, Beastie Boys and Adam Horovitz (collectively, the "**Beastie Boys Defendants**"), together with Michael Diamond and Dechen Yauch as executor of the estate of

Adam Yauch, deceased (collectively, with the Beastie Boys Defendants, the "**Beastie Boys Parties**"), aver as follows:

### Jurisdiction And Venue

1. This action for copyright infringement, unfair competition, misappropriation of the right of publicity under California common law and violations of the New York Civil Rights Law arises under the Copyright Laws of the United States 17 U.S.C. §§ 101, *et seq.*, 15 U.S.C. §§ 1051, *et seq.*, California common law, California statutory law, and New York Civil Rights Law § 51.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and (b), under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, as well as under 28 U.S.C. §§ 1331 and 1367(a).

3. Venue in this district is proper under 28 U.S.C. §§ 1400 and 1391(b)(1) and (b)(2).

### The Parties

4. Counterclaim-Plaintiff Adam Horovitz, professionally known as "Ad-Rock" ("**Horovitz**"), is an individual who resides in New York, New York.

5. Counterclaim-Plaintiff Michael Diamond, professionally known as "Mike D" ("**Diamond**"), is an individual who resides in Brooklyn, New York.

6. Counterclaim-Plaintiff Dechen Yauch is the executor of the estate of Adam Yauch, the deceased Beastie Boys member, professionally known as "MCA," who resided in New York, New York ("**Yauch**").

7. Counterclaim-Plaintiff Beastie Boys is a New York Partnership, with its principal place of business in New York, New York, and is the business entity which owns or controls, *inter alia*, the performances, sound recording copyrights, trademarks and rights of publicity of Horovitz, Diamond and Yauch, including their performances, sound recording copyrights, trademarks and rights of publicity as the composing, recording and performing group Beastie Boys.

8. Counterclaim-Plaintiff Brooklyn Dust Music ("**Brooklyn Dust**") is the business name under which Horovitz, Diamond and Yauch have done and currently do business administering copyrights in the musical compositions authored by any or all of Horovitz, Diamond and Yauch, with its principal place of business in New York, New York.

9. Brooklyn Dust is co-owner of the copyright to the musical composition "Girls," which has been registered with the United States Copyright Office, Registration No. PA0000344518 (the "**Copyrighted Work**").

10. Upon information and belief, Counterclaim-Defendant GoldieBlox, Inc. ("**GoldieBlox**") is a Delaware Corporation with its headquarters and principal place of business in Oakland, California.

### Facts Applicable To All Counterclaims

11. As an integral part of GoldieBlox's marketing campaign to sell books and toys that it claims are designed to "inspire the next generation of female engineers" (a profession defined by innovation and original thinking), GoldieBlox has engaged in the systematic infringement of intellectual property from numerous popular music groups, including Beastie Boys.

12. As part of that systematic campaign of infringement, GoldieBlox has created a series of video advertisements set to well-known songs from popular artists in an effort to achieve the company's primary goal of selling toys.

13. Upon information and belief, GoldieBlox has produced and published videos that infringe upon popular songs by Beastie Boys, Queen, Daft Punk, Kaskade, Krewella, Avicii, Slam, k.flay and Trevor Guthrie.

14. In some instances, GoldieBlox has altered the lyrics of the popular songs featured in its video advertisements in order to tailor those songs to the company's goal of selling toys.

15. One of the popular songs that GoldieBlox altered for use in its video advertisements is "Girls," the seventh and final single from the Beastie Boys' 1987 debut album *Licensed to Ill*. "Girls" is a sarcastic anthem.

16. Upon information and belief, on or about November 18, 2013 GoldieBlox published a video advertisement entitled "GoldieBlox, Rube Goldberg, & Beastie Boys 'Princess Machine'" on its own website and uploaded it to the popular internet video website Youtube.com.  (Hereinafter, the "**GoldieBlox Advertisement**".)  At or around that time, GoldieBlox began promoting the GoldieBlox Advertisement through, among other things, its accounts on the social media websites Twitter.com and Facebook.com.

17. The GoldieBlox Advertisement posted on the GoldieBlox website and Youtube.com, as well as substantially all of GoldieBlox's social media posts promoting the GoldieBlox Advertisement, used and explicitly referred to the Beastie Boys' name and identity.

18. The "Beastie Boys" name and identity is readily associated with Horovitz, Diamond and Yauch, both individually and collectively and have come to signify the musical, artistic, and other creations by Horovitz, Diamond and Yauch individually, as well as collectively under the name "Beastie Boys," and to identify each of them as individual members of the recording and performing group Beastie Boys.

19. The Beastie Boys Parties are the owners of the common law and registered trademark BEASTIE BOYS® for use with, among other things, musical sound recordings and video recordings featuring musical performances.  The BEASTIE BOYS® mark is registered with the United States Patent & Trademark Office as U.S. Reg. No. 4,197,406, and has been in continuous use since 1982.  That registration is valid and subsisting under 15 U.S.C. §§ 1051, *et seq*.

20. The GoldieBlox Advertisement is of a commercial nature and used the Copyrighted Work and the BEASTIE BOYS® mark to advertise GoldieBlox's products, without any of the Beastie Boys Parties' consent or authorization.

21. The GoldieBlox Advertisement featured the Beastie Boys musical composition "Girls" with lyrics modified to become a "jingle" to sell GoldieBlox's products.

22. The GoldieBlox Advertisement promptly became a viral hit on the internet, garnering over 8 million views on Youtube.com alone in just ten days.  The GoldieBlox Advertisement also received massive coverage in the press, which primarily focused on its apparently, but not in fact, approved use of the Beastie Boys' song.

23. Upon information and belief, the publishing of the GoldieBlox Advertisement directly coincided with and directly resulted in a massive increase in the sales of GoldieBlox's products.

24. Upon information and belief, the publishing of the GoldieBlox Advertisement and GoldieBlox's marketing strategy of infringing upon the Copyrighted Work directly resulted in the

company's product line being featured as one of the most popular toy lines for the 2013 holiday season on the internet shopping website Amazon.com.

25. Upon information and belief, on or about November 20, 2013, a representative from an advertising agency contacted Universal Music Publishing Group (the administrator of Brooklyn Dust's and Horovitz's copyrights in the Copyrighted Work) to ascertain whether GoldieBlox had obtained a license from the Beastie Boys Parties and their publisher or their administrator for the use of the underlying song "Girls" in the GoldieBlox Advertisement. Upon information and belief, the request was made because the advertising agency was in the process of submitting the GoldieBlox Advertisement to a competition, sponsored by Intuit Inc., to win a 30-second television commercial spot during the 2014 Super Bowl.

26. On November 21, 2013, counsel for the Beastie Boys Parties contacted counsel for GoldieBlox to inquire about the company's use of the Beastie Boys song in the GoldieBlox Advertisement.

27. On that very same day, GoldieBlox filed this action seeking declaratory and injunctive relief.

28. Upon information and belief, GoldieBlox achieved and continues to achieve additional publicity, press coverage, and, upon information and belief, greater sales of its products, as a direct result of the Beastie Boys' perceived affiliation with the GoldieBlox Advertisement.

29. Unfortunately, rather than developing an original advertising campaign to inspire its customers to create and innovate, GoldieBlox has instead developed an advertising campaign that condones and encourages stealing from others. Accordingly, the Beastie Boys Parties assert the following counterclaims.

## FIRST COUNTERCLAIM FOR RELIEF

**[Copyright Infringement, 17 U.S.C. §§ 501, *et seq*.]**

30. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 29 of these Counterclaims as though fully set forth herein.

31. GoldieBlox's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Brooklyn Dust's copyrighted musical

1  composition "Girls" in the GoldieBlox Advertisement infringes Brooklyn Dust's exclusive rights
2  granted by the Copyright Act, 17 U.S.C. §§ 101, *et seq.*
3      32.    Each unauthorized reproduction, derivative work, distribution to the public, and
4  public performance of Beastie Boys' copyrighted musical composition constitutes an individual act
5  of infringement of Brooklyn Dust's exclusive rights under the Copyright Act, 17 U.S.C. §§ 501, *et*
6  *seq.*
7      33.    GoldieBlox's conduct has been intentional and willful.
8      34.    As a result of GoldieBlox's conduct, the Beastie Boys Parties have suffered and will
9  continue to suffer injury in an amount not presently known. The Beastie Boys Parties are entitled to
10 recover from GoldieBlox the damages and lost profits they have sustained as a result of
11 GoldieBlox's unlawful acts of copyright infringement and to recover from GoldieBlox the gains,
12 profits, and advantages GoldieBlox has obtained as a result of the wrongful conduct alleged herein,
13 or, at their election, an award of statutory damages, pursuant to 17 U.S.C. § 504.
14     35.    The Beastie Boys Parties have no adequate remedy at law. Unless GoldieBlox is
15 permanently enjoined from committing the unlawful acts of copyright infringement as set forth
16 above, the Beastie Boys Parties will continue to suffer irreparable harm.

**SECOND COUNTERCLAIM FOR RELIEF**

**[Infringement Of Registered Trademark, 15 U.S.C. §§ 1114(1)(a)]**

19     36.    The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs
20 1 through 35 of these Counterclaims as though fully set forth herein.
21     37.    GoldieBlox has used the federally registered BEASTIE BOYS® mark in commerce
22 with the GoldieBlox Advertisement and in connection with the sale of GoldieBlox's products,
23 without the Beastie Boys Parties' consent or authorization. The Beastie Boys Parties own the
24 exclusive right to use the BEASTIE BOYS® mark in connection with musical sound recordings and
25 video recordings featuring musical performances, as well as other goods and services. GoldieBlox
26 has used the BEASTIE BOYS® mark in furtherance of its scheme aimed at: (a) causing confusion
27 and mistake and misleading and deceiving the public into believing that GoldieBlox's goods and
28 services are associated with or authorized by the Beastie Boys Parties; and (b) misappropriating

1  property and monies and obtaining profits, benefits, and advantages belonging to the Beastie Boys
2  Parties, for GoldieBlox's own unlawful purposes and benefit.  The BEASTIE BOYS® mark is
3  strong and unique, inherently distinctive, famous, and protectable without proof of secondary
4  meaning.

5  38.    The Beastie Boys Parties have invested decades of time and effort in creating
6  consumer recognition of the BEASTIE BOYS® mark and to ensure that the public, not only in the
7  United States but throughout the world, associates that mark with their integrity and their distinctive
8  music and performing style, as well as with the services provided and products designed or created
9  by the Beastie Boys.

10  39.    As a result of the wide renown acquired by the BEASTIE BOYS® mark, the Beastie
11  Boys' worldwide reputation for its integrity, distinctive music and performing style, as well as with
12  the services provided and products designed or created by the Beastie Boys, and the wide
13  geographic distribution and extensive sale of various Beastie Boys' products distributed under the
14  BEASTIE BOYS® mark, that mark has acquired significant secondary meaning and fame in the
15  minds of the purchasing public.  The purchasing public immediately identifies the goods and
16  services offered under the BEASTIE BOYS® mark with a single source.  Therefore, the BEASTIE
17  BOYS® mark, and the goodwill associated therewith, are of inestimable value to the Beastie Boys
18  Parties.

19  40.    Upon information and belief, GoldieBlox's unauthorized use of the BEASTIE
20  BOYS® mark has caused confusion and mistake and has mislead and deceived the public into
21  believing that GoldieBlox's goods and services are associated with or authorized by the Beastie
22  Boys Parties, when in fact they are not.

23  41.    GoldieBlox's use of the BEASTIE BOYS® mark in interstate commerce constitutes
24  trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

25  42.    Upon information and belief, GoldieBlox committed these acts of infringement with
26  the intent of causing confusion and mistake and of misleading and deceiving the public into
27  believing that the Beastie Boys Parties' goods and services are associated with or authorized by
28  GoldieBlox.

43. Upon information and belief, GoldieBlox, in engaging in the conduct described herein, willfully intended to trade on the reputation of the BEASTIE BOYS® mark, and to cause injury to the Beastie Boys Parties.

44. As a direct and proximate result of GoldieBlox's unlawful acts as described herein, the Beastie Boys Parties have suffered injury to their business, goodwill, and property, in an amount to be determined at trial. The Beastie Boys Parties are further entitled to recover from GoldieBlox the gains, profits, and advantages that GoldieBlox has obtained as a result of the wrongful conduct alleged herein.

45. The Beastie Boys Parties have no adequate remedy at law. Unless GoldieBlox is permanently enjoined from committing the unlawful acts as set forth above, the Beastie Boys Parties will continue to suffer irreparable harm.

46. Upon information and belief, GoldieBlox committed the acts as herein alleged willfully, maliciously and oppressively with a willful disregard of the harm that would be suffered by the Beastie Boys Parties. The Beastie Boys Parties therefore are further entitled to an award of enhanced damages and to recover their attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD COUNTERCLAIM FOR RELIEF

**[Trademark Infringement, False Designation Of Origin, Passing Off, False Advertising, False Endorsement, And Unfair Competition, 15 U.S.C. § 1125(a)]**

47. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 46 of these Counterclaims as though fully set forth herein.

48. GoldieBlox has used the BEASTIE BOYS® mark as alleged in paragraphs 37-43, above.

49. GoldieBlox's unauthorized use of the BEASTIE BOYS® mark and other non-copyright infringement acts as alleged above in paragraphs 11-29 and 37-43 constitute trademark infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Upon information and belief, GoldieBlox committed these acts with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that the Beastie Boys Parties' goods and services are associated with or authorized by GoldieBlox.

51. Upon information and belief, GoldieBlox, in engaging in the conduct described herein, willfully intended to (a) trade on the reputation of the BEASTIE BOYS® mark, (b) falsely designate the origin of its goods and services, (c) pass off GoldieBlox's goods and services as originating with or authorized by the Beastie Boys Parties, (d) falsely advertise GoldieBlox's goods and services, (e) falsely mislead and deceive the public into believing that the Beastie Boys Parties had endorsed GoldieBlox's goods and services, (f) commit unfair competition, and (g) cause injury to the Beastie Boys Parties.

52. As a direct and proximate result of GoldieBlox's unlawful acts as described herein, the Beastie Boys Parties have suffered injury to their business, goodwill, and property, in an amount to be determined at trial. The Beastie Boys Parties are further entitled to recover from GoldieBlox the gains, profits, and advantages that GoldieBlox has obtained as a result of the wrongful conduct alleged herein.

53. The Beastie Boys Parties have no adequate remedy at law. Unless GoldieBlox is permanently enjoined from committing the unlawful acts as set forth above, the Beastie Boys Parties will continue to suffer irreparable harm.

54. Upon information and belief, GoldieBlox committed the acts as herein alleged willfully, maliciously and oppressively with a willful disregard of the harm that would be suffered by the Beastie Boys Parties. The Beastie Boys Parties therefore are further entitled to an award of enhanced damages and to recover their attorneys' fees pursuant to 15 U.S.C. § 1117.

### FOURTH COUNTERCLAIM FOR RELIEF

**[Trademark Infringement, False Designation Of Origin, Passing Off, False Advertising, False Endorsement, And Unfair Competition Under California Common Law]**

55. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 54 of these Counterclaims as though fully set forth herein.

56. GoldieBlox has used the BEASTIE BOYS® mark as alleged in paragraphs 37-43, above.

57. GoldieBlox's unauthorized use of the BEASTIE BOYS® mark and other non-copyright infringement acts as alleged above in paragraphs 11-29, 37-43, and 48-51 constitute trademark infringement, false designation of origin, passing off, false advertising, false endorsement, and unfair competition in violation of California common law.

58. Upon information and belief, GoldieBlox committed these acts with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that the Beastie Boys Parties' goods and services are associated with or authorized by GoldieBlox.

59. Upon information and belief, GoldieBlox, in engaging in the conduct described herein, willfully intended to (a) trade on the reputation of the BEASTIE BOYS® mark, (b) falsely designate the origin of its goods and services, (c) pass off GoldieBlox's goods and services as originating with or authorized by the Beastie Boys Parties, (d) falsely advertise GoldieBlox's goods and services, (e) falsely mislead and deceive the public into believing that the Beastie Boys Parties had endorsed GoldieBlox's goods and services, (f) commit unfair competition, and (g) cause injury to the Beastie Boys Parties.

60. As a direct and proximate result of GoldieBlox's unlawful acts as described herein, the Beastie Boys Parties have suffered injury to their business, goodwill, and property, in an amount to be determined at trial. The Beastie Boys Parties are further entitled to recover from GoldieBlox the gains, profits, and advantages that GoldieBlox has obtained as a result of the wrongful conduct alleged herein.

61. The Beastie Boys Parties have no adequate remedy at law. Unless GoldieBlox is permanently enjoined from committing the unlawful acts as set forth above, the Beastie Boys Parties will continue to suffer irreparable harm.

62. The Beastie Boys Parties are informed and believe, and on that basis allege, that, in acting as alleged herein, GoldieBlox has acted intentionally and despicably with oppression, fraud, and malice toward the Beastie Boys Parties. The Beastie Boys Parties therefore are entitled to an

1 award of punitive damages for the sake of example and by way of punishing GoldieBlox pursuant to
2 California Civil Code § 3294.

### FIFTH COUNTERCLAIM FOR RELIEF

**[Unfair Competition, False Designation Of Origin And False Advertising, Cal. Bus. & Prof. Code §§ 17200 And 17500, *et seq.*]**

63. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 62 of these Counterclaims as though fully set forth herein.

64. GoldieBlox has used the BEASTIE BOYS® mark as alleged in paragraphs 37-43, above.

65. GoldieBlox's unauthorized use of the BEASTIE BOYS® mark and other non-copyright infringement acts as alleged above in paragraphs 11-29, 37-43, 48-51, and 56-59 constitute unfair competition, false designation of origin, and false advertising in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*

66. Upon information and belief, GoldieBlox committed these acts with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that GoldieBlox's goods and services are associated with or authorized by the Beastie Boys Parties.

67. Upon information and belief, GoldieBlox, in engaging in the conduct described herein, willfully intended to (a) trade on the reputation of the BEASTIE BOYS® mark, (b) falsely designate the origin of its goods and services, (c) pass off GoldieBlox's goods and services as originating with or authorized by the Beastie Boys Parties, (d) falsely advertise GoldieBlox's goods and services, (e) falsely mislead and deceive the public into believing that the Beastie Boys Parties had endorsed GoldieBlox's goods and services, (f) commit unfair competition, and (g) cause injury to the Beastie Boys Parties.

68. The Beastie Boys Parties are entitled to recover from GoldieBlox the gains, profits, and advantages that GoldieBlox has obtained as a result of the wrongful conduct alleged herein.

69. The Beastie Boys Parties have no adequate remedy at law.  Unless GoldieBlox is permanently enjoined from committing the unlawful acts as set forth above, the Beastie Boys Parties will continue to suffer irreparable harm

70. The Beastie Boys Parties are entitled to a permanent injunction pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535 restraining GoldieBlox, and its officers, agents, servants and employees, and all persons in active concert or participation with them, including, but not limited to, any and all third-party promoters, distributors, exhibitors, and sellers of GoldieBlox's goods and services, from engaging in any further such acts in violation of California law.

## SIXTH COUNTERCLAIM FOR RELIEF

### [Misappropriation Of Right Of Publicity, California Common Law]

71. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 70 of these Counterclaims as though fully set forth herein.

72. In connection with the GoldieBlox Advertisement, GoldieBlox used the Beastie Boys name and identity, which includes the identities of the group's members, to GoldieBlox's advantage, both commercially and otherwise.

73. GoldieBlox did not have the Beastie Boys Parties' consent to use the Beastie Boys name and identity in connection with the GoldieBlox Advertisement or for any other purpose.

74. As a result of GoldieBlox's use of such name and identity—by, among other things, producing, publishing, disseminating, promoting and broadcasting the GoldieBlox Advertisement using the name "Beastie Boys"— Beastie Boys and the group's members have suffered injury to their business, goodwill, and property, in an amount to be determined at trial, and are entitled to recover from GoldieBlox the gains, profits, and advantages that GoldieBlox has obtained as a result of the wrongful conduct alleged herein.

75. Beastie Boys and the group's members have no adequate remedy at law. Unless GoldieBlox is permanently enjoined from committing the unlawful acts as set forth above, Beastie Boys and the group's members will continue to suffer irreparable harm.

76. Beastie Boys and the group's members are informed and believe, and on that basis allege, that, in acting as alleged herein, GoldieBlox has acted intentionally and despicably with oppression, fraud, and malice toward them. Beastie Boys and the group's members therefore are entitled to an award of punitive damages for the sake of example and by way of punishing GoldieBlox pursuant to California Civil Code § 3294.

## SEVENTH COUNTERCLAIM FOR RELIEF

### [Violation of New York Civil Rights Law § 51]

77. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 76 of these Counterclaims as though fully set forth herein.

78. The Beastie Boys Parties' names are recognizable and distinctive and have generated a great deal of positive publicity, including without limitation, the public response to the sound recordings and musical compositions that they have created, including, but not limited to, the song "Girls."

79. GoldieBlox has used the Beastie Boys Parties' names within New York for the purposes of advertising and trade without their permission.

80. The Beastie Boys Parties are informed and believe, and on that basis allege, that, in acting as alleged herein, GoldieBlox has acted knowingly.

81. GoldieBlox's actions violated the Beastie Boys Parties' rights under New York Civil Rights Law § 51.

82. Accordingly, the Beastie Boys Parties are entitled to exemplary and consequential damages.

## EIGHTH COUNTERCLAIM FOR RELIEF

### [An Accounting]

83. The Beastie Boys Parties repeat and reallege the allegations contained in paragraphs 1 through 81 of these Counterclaims as though fully set forth herein.

84. As a direct and proximate result of GoldieBlox's acts as alleged herein, the Beastie Boys Parties have been injured in their business, goodwill, and property, and have sustained substantial damage, while GoldieBlox has profited at the Beastie Boys Parties' expense in an amount not presently known. The amount of the gains, profits, benefits, advantages, and revenues wrongfully realized by GoldieBlox from its acts as alleged herein is unknown to the Beastie Boys Parties and cannot be ascertained without an accounting. The information needed to establish that amount due is peculiarly within the knowledge of GoldieBlox. The Beastie Boys Parties, therefore,

demand an accounting for the aforementioned gains, profits, benefits, advantages, and revenues wrongfully realized by GoldieBlox for its activities as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Beastie Boys Parties pray for judgment as follows:

(1) For a permanent injunction enjoining GoldieBlox and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all other persons acting in concert with them:

    (a) from all further infringing or unlawful conduct in connection with the GoldieBlox Advertisement, including, but not limited to, engaging in any further acts of trademark infringement, unfair competition, false advertising, false endorsement, false designation of origin. passing off, and unlawful, unfair and fraudulent business practices;

    (b) from all further infringement of the Copyrighted Work;

    (c) from any further use of any individual or collective names, identities or personalities of the Beastie Boys Parties; and

    (d) requiring removal of the GoldieBlox Advertisement from all places where it has been stored electronically or otherwise, and destruction of any and all copies of the GoldieBlox Advertisement;

(2) For an award of the Beastie Boys Parties' actual damages and lost profits they have sustained as a result of GoldieBlox's unlawful acts of copyright infringement and to recover from GoldieBlox the gains, profits, and advantages GoldieBlox has obtained as a result of the wrongful conduct alleged herein, in an amount to be determined at trial, or, at their election, an award of statutory damages, pursuant to 17 U.S.C. § 504;

(3) For an award to the Beastie Boys Parties of compensatory and consequential damages and lost profits flowing from GoldieBlox's wrongful acts as described herein;

(4) For an order requiring GoldieBlox to disgorge any and all revenues, gains, profits, and advantages obtained and to be obtained by GoldieBlox as a result of GoldieBlox's unlawful acts as described herein;

-18- Case No. 4:13-CV-05428-DMR
ANSWER, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

(5) For an order finding that this case is exceptional and awarding enhanced damages and attorney's fees pursuant to 15 U.S.C. §1117(a);

(6) For an order awarding the Beastie Boys Parties their attorneys' fees pursuant to 17 U.S.C. § 505;

(7) For an order that GoldieBlox provide the accounting pleaded for above;

(8) For an award of punitive damages against GoldieBlox and in favor of the Beastie Boys Parties;

(9) For an order that the Beastie Boys Parties recover their costs from GoldieBlox;

(10) For prejudgment and postjudgment interest according to law; and

(11) For such other and further relief as the Court deems just and proper.

Dated: December 10, 2013        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                KENT R. RAYGOR
                                KEVIN PUVALOWSKI
                                KENNETH B. ANDERSON
                                THOMAS M. MONAHAN


                                By      */s/ Kent R. Raygor*
                                        KENT R. RAYGOR

                                Attorneys for Defendants and Counterclaim-Plaintiffs
                                BEASTIE BOYS, ADAM HOROVITZ and
                                BROOKLYN DUST MUSIC; and Counterclaim-
                                Plaintiffs MICHAEL DIAMOND and DECHEN
                                YAUCH, executor of the estate of ADAM YAUCH

## III.

## **DEMAND FOR JURY TRIAL**

The Beastie Boys Defendants and the Beastie Boys Parties demand a trial by jury as to all issues so triable.

Dated:  December 10, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
KENT R. RAYGOR
KEVIN PUVALOWSKI
KENNETH B. ANDERSON
THOMAS M. MONAHAN

By  */s/ Kent R. Raygor*
KENT R. RAYGOR

Attorneys for Defendants and Counterclaim-Plaintiffs BEASTIE BOYS, ADAM HOROVITZ and BROOKLYN DUST MUSIC; and Counterclaim-Plaintiffs MICHAEL DIAMOND and DECHEN YAUCH, executor of the estate of ADAM YAUCH